IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Antonio Maurice Scott, As Personal Representative of the Estate of George Bynum, | ) ) ) ) | Civil Action No.: 0:18-cv-1102-RMG-PJG |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| Siva Chockalingam, *M.D.*; Associates in Gastroenterology, P.A.; Berkeley Endoscopy Center, L.L.C., Robert Sharp, *M.D.*, Individual and/or Official Capacity as Agent, Servant and/or Employee of The South Carolina Department of Corrections; South Carolina Department of Corrections, | ) ) ) ) ) ) ) ) ) | **REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS SIVA CHOCKALINGAM, M.D., ASSOCIATES IN GASTROENTEROLOGY, P.A., AND BERKELEY ENDOSCOPY CENTER, LLC'S MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | ) ) ) | |

Defendants Siva Chockalingam, M.D., Associates in Gastroenterology, P.A., and Berkeley Endoscopy Center, L.L.C., by and through their undersigned counsel, respectfully submit this Reply to Plaintiff's Response in Opposition to Defendants Siva Chockalingam, M.D., Associates in Gastroenterology, P.A., and Berkeley Endoscopy Center, LLC's Motion for Summary Judgment.

## DISCUSSION

**a)    Summary judgment should be granted because Plaintiff has failed to put forth any evidence that any alleged negligence of these Defendants proximately caused any injuries or damages to Decedent.**

The baseline question upon which Plaintiff's Response focuses—whether Decedent's chance of survival would have been increased had his cancer been discovered earlier—does not address the critical proximate cause inquiry. The critical proximate cause inquiry is whether

Decedent's chance of survival would have been greater than fifty percent had the cancer been present and diagnosable at an earlier time in these Defendants' care of Decedent. The answer to that question, based on *all* expert opinions, is no.

First, Plaintiff contends these Defendants should have diagnosed Decedents cancer "in 2013 or shortly thereafter." However, Plaintiff disregards the fact that these Defendants did not become involved in Decedent's care until November 18, 2014 and performed an esophagogastroduodenoscopy (EGD) on December 12, 2014. Essentially, Plaintiff alleges these Defendants should have done the impossible—that these Defendants should have diagnosed cancer in a patient who was unknown to them at the time. Furthermore, the fact that the pathology reports from the December 12, 2014 and August 21, 2015 EGDs—which included a biopsy of the same area which Decedent's cancer was later found—returned negative for dysplasia (i.e., no indication of malignancy) make it illogical to claim that cancer was present and diagnosable in October 2013.

Second, Plaintiff argues "an earlier diagnosis would more likely than not have given [Decedent] a higher probability for long term survival" and contends this alone establishes proximate cause. This simply ignores long-standing South Carolina jurisprudence holding we do not follow the "loss of chance" doctrine, and attempts to conflate that doctrine with the paramount inquiry of whether Decedent's chance of survival would have been greater than fifty percent had his cancer been diagnosed at an earlier point in these Defendants' care and treatment.

Third, Plaintiff relies on Defendant Dr. Chockalingam's testimony that cancer was not on his initial differential diagnosis. Nevertheless, this is the proverbial "red herring" as the experts' reports and affidavits—from both Plaintiff's and Defendants' oncology experts—provide only one inference: that even assuming Decedent's cancer was present and diagnosable during either

the December 12, 2014 or August 21, 2015 EGDs, Decedent's chance of survival was less than fifty percent.[1]  Thus, whether Defendant Dr. Chockalingam should have suspected cancer earlier in his care and treatment and included it in his differential diagnosis is irrelevant.  The only fact that matters is that even if the cancer was diagnosed earlier in these Defendants' care and treatment, Decedent's chance of survival was less than fifty percent.

In sum, Plaintiff has not put forth any evidence that Decedent's chance of survival would have been greater than fifty percent had his cancer been diagnosed earlier in these Defendants' care and treatment of Decedent.  Thus, as a matter of law, proximate cause cannot be established and summary judgment in favor of these Defendants is appropriate.  *See Celotex Corp v. Catrett*, 477 U.S. 317, 322–23 (1986) (stating summary judgment is proper where the non-moving party fails to establish an essential element of any cause of action upon which he has the burden of proof); *Jones v. Owings*, 318 S.C. 72, 74–77, 456 S.E.2d 371, 372–74 (1995) (holding South Carolina does not follow the "loss of chance" doctrine but, instead, requires plaintiffs to comport with the "most probably" standard with respect to proximate cause); *Hanselmann v. McCardle*, 275 S.C. 46, 48–49, 267 S.E.2d 531, 533 (1980) (stating negligence is not actionable unless it is a proximate cause of the injuries); *McKnight v. South Carolina Dept. of Corrections*, 385 S.C. 380, 387, 684 S.E.2d 566, 569 (Ct. App. 2009) (holding that where the evidence is susceptible to only one inference, proximate cause no longer is a question for the jury but becomes a matter of law for the court); *Martisan v. Hilton Head Health System*, 364 S.C. 430, 442, 613, S.E.2d 795, 801–02 (Ct. App. 2005) (explaining that a plaintiff must present evidence that shows the decedent would have had a greater than fifty percent chance of survival had the physician properly advised the decedent at an earlier time).

---

[1] Exhibit A – Report of Dr. Catenacci; Exhibit B- Affidavit of Dr. Catenacci; Exhibit C – Report of Dr. O'Rourke.

**b)     Summary judgment should be granted because there is no evidence these Defendants were deliberately indifferent to Decedent in violation of his Constitutional rights.**

Plaintiff maintains Defendant Dr. Chockalingam was deliberately indifferent to Decedent's health by "fail[ing] to timely and properly assess, treat, diagnose and do a proper work up on [Decedent]" and that Defendant Dr. Chockalingam knew that he needed to rule out a cancer diagnosis first. Plaintiff disregards several key issues with these arguments.

First, Plaintiff ignores the fact that Decedent's cancer was not located in the region in which Decedent's signs and symptoms presented. Plaintiff's signs, symptoms, and diagnoses included Barrett's esophagus, a Schatzki ring, and hiatal hernia. Each of these was located at the distal end of the esophagus (i.e., the "GE junction" or where the esophagus meets the stomach). On the contrary, Plaintiff's cancer occurred in the mid-esophagus, which is a different location.[2]

Second, Plaintiff ignores the facts that Defendant Dr. Chockalingam saw Decedent on a routine basis, performed multiple EGDs, biopsied areas of concern, and sent specimens for pathologic review. Importantly, the pathology reports from the December 12, 2014 and August 21, 2015 biopsies returned negative for dysplasia and metaplasia, meaning the specimens had no indication of malignancy. Dysplasia did not appear until the pathology report from the May 13, 2016 biopsy of the mass returned, and even then it was not clear whether the mass was cancerous. Thus, even had Defendant Dr. Chockalingam suspected cancer in his differential diagnosis during either the December 12, 2014 or August 21, 2015 EGDs, the pathology reports did not indicate cancer and, rather, indicated other issues were the source of Decedent's dysphagia. Nevertheless, rather than again contending Defendant Dr. Chockalingam should have done the impossible, Plaintiff now contends Defendant Dr. Chockalingam should have ignored the pathology reports and treated Decedent as if he were a cancer patient despite the lack of a

---

[2] Exhibit D – Deposition of Dr. Chockalingam, p.107, line 5–p.108, line 1.

cancer diagnosis. Such is illogical. Instead, Defendant Dr. Chockalingam logically proceeded with his care and treatment of Decedent in a manner consistent with determining the cause of dysphagia, which included an esophageal manometry before a third EGD.

It is abundantly clear Defendant Dr. Chockalingam did not offend evolving standards of decency or deprive Decedent of medical treatment. Defendant Dr. Chockalingam treated Decedent as he would any patient, private pay or otherwise, and did not delay treatment of Decedent.[3] Defendant Dr. Chockalingam treated Decedent in accordance with generally recognized and accepted medical standards and at no point did he act indifferently to Decedent's health. Therefore, summary judgment in favor of these Defendants is proper. *See Celotex*, 477 U.S. at 322–23 (stating summary judgment is proper where the non-moving party fails to establish an essential element of any cause of action upon which he has the burden of proof); *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976) (stating a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment); *id.*, 429 U.S. at 106 (holding the indifference must offend evolving standards of decency); *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (explaining that deliberate indifference is a very high standard and that mere negligence does not meet it); *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (holding a prisoner claiming deliberate indifference must show (1) he was deprived of an objectively serious human need); and (2) the medical provider subjectively acted with a sufficiently culpable state of mind).

c) **No further discovery is required for the Court to rule on these Defendants' Motion for Summary Judgment as Plaintiff has been provided all procedure images, Defendant Dr. Chockalingam has already been deposed, and the critical Plaintiff's experts' opinions are not contingent upon additional information.**

---

[3] Exhibit E – Dep. of Dr. Chockalingam, p.111, line 7–p.112, line 16.

Plaintiff argues summary judgment should not be granted until he "has had a full and fair opportunity to complete discovery" and contends these Defendants have blocked him from fully developing the record. Specifically, Plaintiff claims he is still waiting on all images from Decedent's scans to be turned over by these Defendants, that he has not been able to take properly noticed depositions, and that his gastroenterology expert, Dr. Eisner, did not have all images available to make his critical determinations.

First, these Defendants have produced all images and scans in their possession related to Decedent. These include the images from the December 12, 2014 and August 21, 2015 EGDs. Defendants do not maintain the images from the May 13, 2016 EGD as this procedure was performed at Palmetto Health Richland, and Plaintiff has had more than adequate time to procure these records if he wished. Regardless, the May 13, 2016 EGD images are irrelevant as there are no allegations that Defendants deviated from any standard of care during that EGD and it is clear Defendant Dr. Chockalingam referred Decedent to MUSC for additional care upon discovering the mass in Decedent's mid-esophagus. Of additional note, other images taken by Co-Defendant SCDC and read by ImageCare (including ankle and abdominal scans) do not concern the esophagus whatsoever and, thus, are entirely irrelevant to the lawsuit.

Second, Plaintiff was able to take the deposition of Defendant Dr. Chockalingam during the discovery timeframe. It is true Plaintiff did so on the final day of the discovery timeframe, but only upon Plaintiff's unilateral cancellation of Defendant Dr. Chockalingam's previously noticed deposition (February 8, 2019). In no way did these Defendants block, hinder, or prevent Plaintiff from taking Defendant Dr. Chockalingam's deposition at an earlier time. To claim these Defendants were the reason that Defendant Dr. Chockalingam's deposition was not taken earlier is disingenuous and misleading.

Third, Plaintiff's argument is another "red herring" as Dr. Chockalingam testified that no images of the "raw mucosa" area seen during the August 21, 2015 EGD were taken and, thus, do not exist. In any event, the appearance of the "raw mucosa" area is immaterial in light of Defendant Dr. Chockalingam having biopsied that area and the pathology report returning negative for dysplasia. Moreover, the expert gastroenterologist's opinions are secondary to the expert oncologists' opinions which, even accepting Plaintiff's oncology expert Dr. Catenacci's scenario,[4] provide that Decedent's chance of survival was only forty-three percent by the time he claims these Defendants should have diagnosed Decedent's cancer.

Finally, because Dr. Catenacci's opinion is premised upon the cancer being present and discoverable at the time of the December 12, 2014 EGD, Plaintiff is left with three choices: (1) stand by Dr. Catenacci's opinion that the cancer was discoverable and in a more favorable stage, meaning Decedent had, at best, a forty-three percent chance of survival; (2) claim Dr. Catenacci's opinion is wrong and that the cancer was not present and discoverable at that time, meaning there was no indication of cancer and that these Defendants did not breach any duty; or (3) claim Dr. Catenacci's opinion is wrong and that the cancer was in a less favorable stage, meaning Decedent's chance of survival was even less than forty-three percent. Regardless of the argument Plaintiff chooses, additional EGD photos, records, or otherwise cannot change the fact that either Decedent had less than a fifty percent chance of survival or that Decedent's cancer was not present and discoverable.

In short, Plaintiff has had more than adequate time to develop his case and causes of action, including this Court granting two extensions to the discovery deadline, and any complaint of lack of discovery or depositions taken falls squarely upon his own shoulders. Thus, there is no reason for the Court to delay ruling on these Defendants' Motion for Summary Judgment.

---

[4] Exhibit A – Report of Dr. Catenacci, ¶¶ 6–7.

*See Celotex*, 477 U.S. at 322–23 ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after <u>adequate</u> time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case") (emphasis added).

## CONCLUSION

Plaintiff has put forth no evidence that Decedent would have had a greater than fifty percent chance of survival had his cancer been diagnosed earlier in these Defendants care of Decedent, which is his burden pursuant to long-established South Carolina law.  Further, Plaintiff has put forth no evidence these Defendants were deliberately indifferent to Decedent's health.  Finally, there is no reason to delay rulings on these Defendants' Motion for Summary Judgment

For the above-described reasons and the reasons previously set forth, these Defendants' Motion for Summary Judgment should be granted and the case against these Defendants should be dismissed with prejudice.

**RICHARDSON PLOWDEN & ROBINSON, PA**

s/*Zachary B. Hayden*
William C. McDow [Fed. ID #6359]
bmcdow@richardsonplowden.com
John H. Guerry [Fed. ID #12155]
jguerry@richardsonplowden.com
Zachary B. Hayden [Fed. ID #12932]
zhayden@richardsonplowden.com
Post Office Drawer 7788
Columbia, SC 29202
803-771-4400
*Attorneys for Defendants Siva Chockalingam, MD, Associates in Gastroenterology, PA and Berkeley Endoscopy Center, LLC*

April 19, 2019

## CERTIFICATE OF SERVICE

I, the undersigned, an employee of Richardson Plowden & Robinson, P.A., attorneys for Defendants Siva Chockalingam, MD, Associates in Gastroenterology, PA and Berkeley Endoscopy Center, LLC, do hereby certify that I have served the foregoing **Reply to Plaintiff's Response in Opposition to Defendants Siva Chockalingam, M.D., Associates in Gastroenterology, P.A., and Berkeley Endoscopy Center, LLC's Motion For Summary Judgment** on the below-listed individuals via CM/ECF:

J. Edward Bell, III, Esq.
Gabrielle Sulpizio, Esq.
Bell Legal Group
219 North Ridge Street (29440)
P.O. Box 2590
Georgetown, South Carolina 29442
*Attorneys for Plaintiff*

James E. Parham, Jr., Esq.
James E. Parham, Jr., PA
Post Office Box 1576
Irmo, South Carolina 29063
*Attorneys for Defendants Robert Sharp, MD*
*and South Carolina Department of Corrections*

s/Zachary B. Hayden
Zachary B. Hayden [Fed. ID 12932]
zhayden@richardsonplowden.com
1900 Barnwell Street
Post Office Drawer 7788
Columbia, SC 29202
803-771-4400
*Attorneys for Defendants Siva Chockalingam, MD, Associates*
*in Gastroenterology, PA and Berkeley Endoscopy Center, LLC*

April 19, 2019