IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antonio Maurice Scott, As Personal Representative of the Estate of George Bynum,<br><br>    Plaintiff,<br><br>v.<br><br>Siva Chockalingam, MD, in his Individual Capacity as Agent, Servant and/or Employee of the South Carolina Department of Corrections; Associates in Gastroenterology, PA; Berkeley Endoscopy Center, LLC, Robert Sharp, MD, in his Individual Capacity as Agent, Servant and/or Employee of The South Carolina Department of Corrections; and South Carolina Department of Corrections,<br><br>    Defendants. | Civil Action No.: 0:18-1102-PJG<br><br><br><br>**ORDER APPROVING WRONGFUL DEATH AND SURVIVAL SETTLEMENT** |

This matter is before the court upon the verified Petition of Antonio Maurice Scott, as Personal Representative of the Estate of George Edward Bynum, Jr., deceased ("Plaintiff/Petitioner"), seeking approval of the proposed settlement of the claims and causes of action of Plaintiff/Petitioner for wrongful death pursuant to S.C. Code Ann. § 15-51-10, et seq., and for survival (conscious pain and suffering) pursuant to S.C. Code Ann. § 15-5-90, against the South Carolina Department of Corrections ("Defendant"), seeking recovery of damages for the injuries to and the death of George Edward Bynum, Jr., which allegedly resulted from care and treatment rendered to him by Defendant's present and former employees while he was an inmate with Defendant from 2012 until his death on April 11, 2018, as set forth in the Amended Complaint.

1

On July 19, 2019, the court held a hearing on the verified Petition after all interested parties were afforded notice of the hearing and the issues. Based on the information provided to the court and the representations at the hearing, it appears that Plaintiff/Petitioner and Defendant agree that the claims and causes of action regarding the liability of Defendant for the injuries to and the death of George Edward Bynum, Jr. are disputed, that Defendant does not admit liability, and that Defendant denies liability of any nature or kind; however, Defendant has offered to pay One Hundred Sixty Thousand and 00/100 Dollars ($160,000.00) to Plaintiff/Petitioner in order to effectuate a final and complete disposition of all State and Federal claims and causes of action and to secure a Release. From the total settlement proceeds Eighty percent (80%) shall be apportioned to the Survival Claim and Twenty percent (20%) shall be apportioned to the Wrongful Death claim.

From the settlement proceeds, Plaintiff/Petitioner agrees to pay the following:

    a. all attorneys' fees incurred in the prosecution of this lawsuit in the amount of $64,000.00 to Bell Legal Group, LLC (contingency fee of 40%).

    b. $13,228.75 to satisfy all private medical lien(s);

        1. McLeod Health: $3,594.75

        2. Medical University of South Carolina: $1,533.00

        3. Medical University of South Carolina Physicians: $8,101.00

    c. up to a 5% fee to the Personal Representative as to be determined by the probate court;

    d. there are no Medicare liens.

MAG Mutual Insurance Company shall pay to Plaintiff's attorneys in the sum of Twenty Six Thousand Four Hundred Seventy Two Dollars and 88/100 ($26,472.88) for payment of Plaintiff's costs and expenses only, which are costs other than those in compensation of injuries,

such as attorney fees, billable hours, copying costs, expert witness fees, and deposition transcript and costs (all litigation costs).

The settlement proceeds paid herein shall be paid as full and complete settlement and satisfaction of the past, present and future claims and causes of action against Defendant for all medical expenses of George Edward Bynum, Jr., which are known, and which are not now known, and which may later develop. Plaintiff/Petitioner certifies, represents and warrants that any subrogation claims/liens in this matter, including any Medicaid and/or Medicare claims/liens, resulting from the injuries to and the death of George Edward Bynum, Jr., shall be paid from the settlement proceeds.

This settlement shall cover and include and does cover and include all future injuries, death, expenses or damages not known to any of the Parties hereto, but which may later develop or be discovered, including the effects and consequences thereof, that arise out of the injuries to and death of George Edward Bynum, Jr.

Antonio Maurice Scott (son), Michael Bynum (son), and Kalea Keyes (daughter) are the statutory beneficiaries of George Edward Bynum, Jr., deceased. Defendant has insurance coverage through the Insurance Reserve Fund pursuant to the limits set forth in the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-120.

Plaintiff/Petitioner and his attorneys have fully investigated the matter and, after giving careful consideration to all aspects of the situation, have concluded that the settlement is fair, just and reasonable and is in the best interests of Plaintiff/Petitioner, as Personal Representative of the Estate of George Edward Bynum, Jr., deceased; of the statutory beneficiaries of George Edward

Bynum, Jr., deceased; and of the Estate of George Edward Bynum, Jr., deceased, and have asked this Court to approve the same.[1]

The court has carefully considered the matter and has concluded that this settlement, under all the circumstances, is fair, just, and reasonable. Therefore,

**IT IS ORDERED** that Plaintiff/Petitioner is authorized to accept the settlement payment by or on behalf of Defendant in the amount of One Hundred Sixty Thousand and 00/100 Dollars ($160,000.00), and he is empowered and authorized to execute a Release for all State and Federal claims and causes of action the statutory beneficiaries of George Edward Bynum, Jr., deceased, the Estate of George Edward Bynum, Jr., deceased, and Plaintiff/Petitioner, as Personal Representative of the Estate of George Edward Bynum, Jr., deceased, have or may have against Defendant, its heirs, successors, assigns, and present and former employees.

**IT IS FURTHER ORDERED** that the proposed settlement between Plaintiff/Petitioner and Defendant described herein and further described in the Petition is hereby approved by the court.

**AND IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 25, 2019
Columbia, South Carolina

---

[1] The remaining statutory heirs, Michael Bynum (son) and Kalea Keyes (daughter), were provided notice of the hearing and given an opportunity to be heard as to the settlement. Neither heir appeared at the hearing or otherwise expressed opposition to the settlement.

4